Gary M. Anderson (State Bar No. 97385)
  ganderson@fulpat.com
James Juo (State Bar No. 193852)
  jjuo@fulpat.com
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone: (310) 824-5555
Facsimile: (310) 824-9696

Attorneys for PLAINTIFF

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| VOSSEN WHEELS, INC., | Case No. 13-CV-7747 |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| TOPRICH (U.S.A.), INC. D/B/A REDLINE WHEELS, INC.; JAT WHEELS, INC. D/B/A STR RACING; A SPEC WHEELS & TIRES, LLC; ALICIA LUO; AND DOES 1-10, | **JURY TRIAL REQUEST** |
| Defendants. | |

COMES NOW the Plaintiff, Vossen Wheels, Inc. (hereinafter "Plaintiff" or "Vossen"), and for its cause of action against Defendants, Toprich (U.S.A.), Inc. doing business as Redline Wheels, Inc. ("Redline Wheels"), JAT Wheels, Inc. doing business as STR Racing ("STR Racing"), A Spec Wheels & Tires, LLC ("A Spec Wheels"), Alicia Luo, and Does 1-10 (herein being sometimes referred to as "Defendants") for trademark and patent infringement, Vossen alleges:

**Parties and Jurisdiction**

1.      Vossen is a corporation formed under the laws of Florida and having its principal place of business at 10460 SW 186 Street, Miami, Florida 33157.

707356.1

2.      Upon information and belief, Toprich (U.S.A.), Inc. d/b/a Redline Wheels is a corporation formed under the laws of California, and having a place of business at 9754 Alburtis Ave., Santa Fe Springs, California 90670, and at 2107-D W. Commonwealth Ave. #392, Alhambra, California 91803.

3.      Upon information and belief, JAT Wheels, Inc. d/b/a STR Racing is a corporation formed under the laws of California, and having a place of business at 9754 Alburtis Avenue, Santa Fe Springs, California 90670, and at 2107-D W. Commonwealth Ave. #392, Alhambra, California 91803.

4.      Upon information and belief, A Spec Wheels is a limited liability company formed under the laws of California having its principal place of business at 2035 America Avenue, Hayward, California 94545.

5.      Upon information and belief, Alicia Luo is an individual residing at 9754 Alburtis Avenue, Santa Fe Springs, California 90670, and at 2107-D W. Commonwealth Ave. #392, Alhambra, California 91803.

6.      Upon information and belief, Does 1-10 are various persons now unknown residing within this district.

7.      Defendants import, sell, offer to sell, and distribute products within this district, including the "STR 613" wheels.

8.      This is a complaint for infringement of U.S. Patent No. D681,541 ("the '541 patent") under 35 U.S.C. §271, common law trademark infringement of the "VOSSEN" trademark, and trademark infringement and false designation of origin under 15 U.S.C. § 1125.

9.      The Court has original and exclusive jurisdiction over the subject matter of the complaint under 28 U.S.C. §§ 1331, 1338(a) and supplemental jurisdiction over the pendant state law trademark infringement claim under 28 U.S.C. § 1367.  Venue is proper under 28 U.S.C. §§ 1391 and 1400(a).

10.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship of the parties, the amount in controversy exclusive of interests and costs exceeds the sum of seventy-five thousand dollars ($75,000.00).

**General Allegations**

11.     Plaintiff is an internationally known designer and seller of vehicle wheels, including aftermarket vehicle wheels that may be retrofitted onto automobiles.  Plaintiff's products have attained an extraordinary level of popularity and recognition in the United States and around the word, and are the subject of public interest in the aftermarket wheel industry.

12.     Plaintiff promotes and sells its vehicle wheel products in association with its well-known trademark VOSSEN.

13.     With over 25 years of experience, Vossen strives to provide its customers with vehicle wheel products that are among the most innovative in the industry and that are of the highest quality.

14.     Vossen provides high quality customer service in the manufacturing, sales and service of its products.

15.     Plaintiff puts every one of its vehicle wheels through exacting standards of testing and quality control.  These high standards allow Plaintiff to provide an industry leading five-year workmanship warranty and a lifetime structural warranty, which proves Vossen stands behind its product 100%.

16.     Plaintiff is a global company with worldwide distribution in over 30 countries.  Vossen has gained worldwide recognition and reputation for its high quality wheels marketed under its VOSSEN mark.

17.     Plaintiff is the owner of the entire right, title and interest in the '541 patent by virtue of an assignment, which has been duly recorded at the United States Patent and Trademark Office.  A copy of the '541 patent is attached hereto as Exhibit 1.

1    18.    The '541 patent was filed on October 26, 2012, and issued on May 7,
2    2013.

3    19.    The '541 patent is presumed valid by virtue of 35 U.S.C. § 282.

4    20.    The '541 patent is in full force and effect.

5    21.    Vossen is also the owner of the entire right, title and interest in the
6    trademark VOSSEN as used on or in association with wheels, which trademark
7    VOSSEN has been used on or in association with wheels since at least March 2007.
8    Vossen's use of its VOSSEN mark is before any date that defendants may claim to
9    have used the designation Vossen.

10    22.    Vossen filed for federal registration of the VOSSEN trademark under
11    U.S. Trademark Application 85/843,870, which application has been allowed.
12    According to the U.S. Patent Office records, a federal registration will issue for the
13    VOSSEN trademark on or around the week of November 18, 2013.

14    23.    Among the wheels that Vossen markets under the mark VOSSEN is the
15    CV-4 wheel, which is covered by the '541 Patent.

16    24.    Vossen marks it patented wheel or the associated packaging in
17    accordance with 35 U.S.C. § 287.

18    25.    Defendants are in the business of manufacturing, distributing and/or
19    selling wheels, including the infringing STR 613 wheel.

20    26.    Defendants have promoted the STR 613 wheel using the VOSSEN
21    trademark without authorization, permission or license.

22                        COUNT I

23            Patent Infringement; U.S. Patent No. D681,541

24    27.    Paragraphs 1 through 26 are adopted and incorporated herein by
25    reference as is fully set out in this paragraph 27.

26    28.    Vossen is the owner of the '541 patent.

27    29.    Defendants import, sell, distribute, and/or offer for sale within this
28    judicial district wheels, e.g., the STR 613 wheel, covered by the '541 patent.

707356.1

30.     Defendants have infringed upon the '541 patent in violation of Title 35 U.S.C. §271 by making, using, selling, offering to sell, and/or importing wheels that infringe the '541 patent, all to the damage and injury of the Plaintiff Vossen.

31.     Defendants have sold and offered for sale wheels that infringe the '541 patent after constructive notice of the '541 patent, and upon information and belief continue to sell the accused STR 613 wheel after having notice of the infringement.

32.     Defendants sell and have sold infringing wheels within the United States, including within this district, without license from Vossen.

33.     Upon information and belief Defendants' actions were willful and in disregard of Vossen's rights in the '541 patent.

34.     Defendants are marketing the infringing STR 613 wheel using at least one photograph of a wheel bearing the VOSSEN trademark, as shown in the attached Exhibit 2.

35.     Plaintiff Vossen has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against the Defendants on account of its infringement of the '541 patent.

COUNT II

<u>Trademark Infringement, and False Designation of Origin or Description under 15 U.S.C. 1125</u>

36.     Plaintiff re-alleges each and every allegation of paragraphs 1 through 35 herein as if set forth verbatim.

37.     Defendants' use of the mark VOSSEN as a trademark on wheels and misconduct alleged herein constitutes commercial use of a trademark, or a false designation of origin, or a false or misleading description or representation of fact which is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with Plaintiff, or as to the origin, quality, sponsorship or approval of Defendants' goods or associated activities thereby causing damage to the reputation of Plaintiff's VOSSEN mark.

5

COMPLAINT AND JURY TRIAL REQUEST

38.    Defendants' misconduct alleged herein constitutes commercial use of a trademark, or a false designation of origin, or a false or misleading description or representation of fact which in commercial advertising or promotion misrepresents the characteristics or qualities of Defendants' products or commercial activities.

39.    By engaging in the misconduct alleged herein, Defendants' have infringed Plaintiff's VOSSEN mark and Plaintiff's rights in its VOSSEN mark.

40.    Furthermore, in view of Defendants' knowledge of Plaintiff's trademark, such activities were, and remain, willful and intentional.

41.    Defendants' willful and intentional acts of infringement have caused and are causing great injuries to Plaintiff's business, the value of its trademark, and its goodwill and reputation, in an amount that cannot yet be ascertained. Plaintiff is entitled to an award of damages compensatory of these injuries caused by Defendant, the continuation of which unless restrained, will cause further irreparable injury and damage, leaving Plaintiff with no adequate remedy at law.

42.    By reason of Defendants' misconduct, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant, and anyone acting in concert with Defendants, enjoining further acts of infringement, unfair competition, false advising and false designation of origin.

43.    As a direct and proximate result of the intentional misconduct of Defendants alleged herein, Plaintiff is entitled to recover Defendants' profits in an amount to be determined at trial, plus treble damages or other enhanced damages based on Defendants' willful, intentional, and/or grossly negligent acts, plus attorneys' fees (pursuant to 15 U.S.C. §1117).

COUNT III

Common Law Trademark Infringement

44.    Paragraphs 1 through 43 are adopted and incorporated herein by reference as is fully set out in this paragraph 44.

45.     Through its promotional efforts, business conduct, and continuous use of Plaintiff's VOSSEN trademark, Plaintiff has developed and maintained customers throughout the United States, including within California and within this district, and around the world.  Plaintiff's VOSSEN mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its high quality products, and its immeasurable goodwill.

46.     Defendants have used and continue to use their confusingly similar mark in California and elsewhere, or otherwise assist in the unauthorized and infringing use of the VOSSEN mark by others, all of which has created confusion in the marketplace regarding origin of the respective wheels of Vossen and Defendants.

47.     Defendants misconduct in using Plaintiff's VOSSEN mark on wheels or closely related goods tarnishes and disparages Plaintiff's hard-earned goodwill.

48.     Defendant's commercial use of the VOSSEN mark has caused, and will likely continue to cause, confusion in the marketplace with Plaintiff's mark. Defendants' use of Plaintiff's VOSSEN mark has caused and will likely continue to cause consumer confusion, mistake or deception with respect to the association (or lack thereof) of Defendants to Plaintiff, or as to the origin, sponsorship or approval of Defendants' products by Plaintiff.

49.     Further, Defendants' use of Plaintiff's VOSSEN mark or a mark confusingly similar to Vossen in commercial advertising and promotion misrepresents the nature, characteristics, qualities and origin of Defendants' products.

50.     Plaintiff has been, and continues to be, injured by Defendants' unauthorized and unlawful use of Plaintiff's VOSSEN mark.

51.     Defendant's use of Plaintiff's VOSSEN mark has caused, and continues to cause, irreparable harm to Plaintiff and Plaintiff's goodwill and reputation.

52.     Unless enjoined and restrained by this Court, Defendants will continue to engage in such unlawful conduct.  Plaintiff has no adequate remedy at law in that Defendants will continue their infringing conduct, as alleged above.  Plaintiff therefore seeks preliminary and permanent injunctive relief precluding Defendants from further acts of infringement and from any further use, reference to or association with the VOSSEN mark.  Plaintiff seeks such other injunctive relief as may be reasonable and appropriate to protect further infringement of its rights in and to the VOSSEN mark.

53.     Plaintiff further alleges that it has been damaged as a result of Defendants' infringing actions as alleged herein.  In view of Defendants' knowledge of Plaintiff's use of the VOSSEN mark, such activities were, and remain, willful and intentional.

54.     As a direct proximate result of the misconduct of Defendants alleged herein, Plaintiff is entitled to recover Defendants' profits in an amount to be determined at trial, plus trebled damages or other enhanced damages based on Defendants' willful, intentional, and/or grossly negligent acts, plus attorneys' fees.

## ***PRAYER FOR RELIEF***

WHEREFORE, Plaintiff Vossen prays that judgment be entered by this Court in its favor and against the Defendants providing the following relief:

1.     That Defendants, their agents, affiliates, subsidiaries, servants, employees and attorneys and those persons in active concert with or controlled by Defendants be preliminarily and permanently enjoined from making, using, offering to sell, selling and importing products that infringe the '541 patent;

2.     That Defendants be required to account to Plaintiff for Plaintiff's lost profits and for all damages sustained by and entitled to Plaintiff by reason of the infringement of the '541 patent (35 U.S.C. § 284);

3.      That Defendants be required to account to Plaintiff for Defendants' profits and be liable to Plaintiff to the extent of their total profit as a result of the infringement of the '541 patent (35 U.S.C. § 289);

4.      That judgment be entered against Defendants for Plaintiff's damages in an amount to be determined at trial, and for prejudgment interest based upon infringement damages accruing from the date of Defendants' acts of infringement;

5.      That a determination be made that Defendants' actions were willful in disregard of Plaintiff's rights and be required to pay to Plaintiff the costs of this action and Plaintiff's reasonable attorney fees (35 U.S.C. § 285), and that such damages be trebled;

6.      That an order issue directing Defendants to deliver to Plaintiff for immediate destruction all remaining products, advertisements, circulars, brochures or other promotional or advertising items, web site or other materials for its infringing wheels;

7.      A preliminary and permanent injunction enjoining Defendants, their employees, agents, officers, directors, attorneys, representatives, successors, affiliates, subsidiaries and assigns, and all those in concert or participation with any of them from:

(a) imitating, copying, using, reproducing, registering, attempting to register and/or displaying any mark so resembling any Plaintiff's VOSSEN mark as to be likely to cause confusion, mistake or deception therewith; and

(b)  using any false description or representation or any other thing calculated or likely to cause consumer confusion, deception or mistake in the marketplace with regard to Plaintiff's VOSSEN mark or products sold thereunder;

8.     An order directing that Defendants remove all signage and deliver up for destruction all materials and matter in its possession or custody or under its

control that infringe Plaintiff's VOSSEN mark, including, without limitation, all advertising and promotional materials;

9.     An order for corrective advertising in a form, manner and frequency that is acceptable to Plaintiff and the Court;

10.     An order directing that Defendants file with the Court and serve upon counsel for Plaintiff within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which it has complied with this Court's orders;

11.     Judgment against Defendants, awarding Plaintiff all profits of Defendants resulting from their misconduct alleged herein, in an amount to be proven at trial;

12.      Judgment against Defendants, awarding Plaintiff treble damages based upon Defendants' profits after an accounting thereof, including all statutory enhancements and other enhancements on account of the willful nature of Defendants' misconduct;

13.     An award of prejudgment and post judgment interest;

14.     An award of Plaintiff's costs and expenses, including, without limitation, Plaintiff's attorneys' fees incurred herein; and

15.     Plaintiff seeks such other and further relief as may be proper and just.


DATED:  October 18, 2013          Respectfully submitted,

                                  FULWIDER PATTON LLP


                                  By:     /s James Juo
                                  _____
                                       Gary M. Anderson
                                       James Juo
                                       Attorneys for PLAINTIFF
                                       Vossen Wheels, Inc.

**JURY TRIAL REQUEST**

Plaintiff hereby demands trial by jury on all issues raised by the Complaint.

DATED:  October 18, 2013          Respectfully submitted,

                                  FULWIDER PATTON LLP

                                  By:  __/s James Juo_____
                                       Gary M. Anderson
                                       James Juo
                                       Attorneys for PLAINTIFF
                                       Vossen Wheels, Inc.

11
COMPLAINT AND JURY TRIAL REQUEST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERIFICATION

Javad Azadi states that he is duly authorized representative of Plaintiff and that he verifies the allegations in the Complaint and that to the best of his knowledge and belief all allegations are true and correct.

_____

Javad Azadi

12

COMPLAINT AND JURY TRIAL REQUEST